ROBERT B. CAVERLY *vs.* STILLMAN BUSHEE & others.

If a general verdict for the defendant is found in an action in which there is an account in set-off, neither party is entitled to costs.

CONTRACT on account annexed. Answer, 1, that the articles sued for were furnished to the defendants as a military company of which the plaintiff was commander; 2, set-off. The plaintiff thereupon offered to discontinue as to all of the defendants who had not been defaulted; but, objection being made, this was not allowed. At the trial in the superior court the defendants relied solely upon the first ground stated in the answer, and a general verdict was returned in their favor. *Ames*, J., ruled that the defendants were entitled to full costs, to which ruling the plaintiff excepted.

*R. B. Caverly, pro se.*

*D. S. Richardson & T. Pearson*, for the defendants.

BIGELOW, C. J. The case of *Lapham* v. *Norris*, 10 Cush. 312, is decisive of the question raised by these exceptions. Neither party can properly be considered as entitled to costs as the prevailing party. After the set-off was filed, both became actors; the plaintiff to prosecute the claim alleged in the declaration, the defendants to establish their demand in set-off. The result of the case is that neither has succeeded in proving his claim.

The plaintiff only remained in court after the second term on the requirement of the defendants in order to try the account in set-off. Upon that he prevailed. It is wholly immaterial that they offered no evidence to support it. It was not withdrawn, and the result is the same as if both parties had recovered an equal amount against the other.     *Exceptions sustained.*